IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PAUL F. MILLER                                                                                          PLAINTIFF

v.                                            Civil No. 6:18-cv-06008

AT&T *doing business as* Southwestern Bell
Telephone Company; AT&T *doing business as*
DirecTV, LLC; JAMS; and RANDALLS                                              DEFENDANTS

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Opposition to Plaintiff's Application to Vacate Arbitration Award and Cross-Motion of Defendants Southwestern Bell Telephone Company d/b/a AT&T ("AT&T"); DirecTV, LLC ("DirecTV"); and Randall Stephenson ("Randall") (collectively, "Separate Defendants") to Confirm Arbitration Award.  ECF No. 8.  Plaintiff has filed a response to this Motion.  ECF No. 15.  Separate Defendants have replied.  ECF No. 23.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court enters the following report and recommendation.

**1.   Background:**

On January 12, 2018, Plaintiff filed this action seeking to vacate an Arbitration Award entered against him.  ECF No. 1.  Specifically, this Arbitration Award, entered on January 10, 2018, provided as follows:

> **1. Claimant Paul F. Miller did not prevail on any of his claims, and all of his claims asserted herein are hereby dismissed with prejudice.**
>
> **2. Respondents are entitled to an award of sanctions against Claimant in the**

1

**amount of $250, payable to Respondents by Claimant Paul F. Miller.**

**3. Except as otherwise awarded herein, all parties shall bear their own attorneys' fees and costs.**

ECF No. 1-2.

Plaintiff claims the Arbitration Award should be vacated because the arbitrator's or Defendant JAMS's "refusal to arbitrate the fraudulent billings, refusal to allow discoverable evidence of its cause, her concealment from responsible authority of the losses and unjustified delay in light of the continuing victimization of millions is evident partiality and bias." ECF No. 1 at 4. Plaintiff also claims JAMS decided issues outside the scope of the arbitration clause. *Id.*

In response, Separate Defendants claim the Arbitration Award should be confirmed because there is no basis for vacating it. ECF No. 15. Specifically, Separate Defendants argue Plaintiff has already had his claims fully adjudicated, and there is no basis for vacating the Arbitration Award. *Id.*

2.     **Applicable Law:**

In addressing a motion to compel arbitration, courts generally apply a two-part test: "(1) whether there is a valid arbitration agreement and (2) whether the particular dispute falls within the terms of that agreement." *E.E.O.C. v. Woodmen of World Life Ins. Soc.*, 479 F.3d 561, 565 (8th Cir. 2007) (quoting *Faber v. Menard, Inc.*, 367 F.3d 1048, 1052 (8th Cir. 2004)). While, the Federal Arbitration Act ("FAA") governs the enforceability of the Arbitration Agreement in this case, "[t]he validity of the agreement is determined by state contract law." *Id.*

Under Arkansas law, the essential elements of a contract or an agreement are: (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual obligations, and (5) mutual agreement. *Showmethemoney Check Cashers, Inc. v. Williams,* 342 Ark. 112, 119–20, 27 S.W.3d 361, 366

(2000).

**3.   Discussion:**

Upon review, the Court finds no basis for vacating the Arbitration Award. As an initial matter, Plaintiff does not dispute the arbitration clause in the contract is valid. *See* ECF No. 1. Instead, Plaintiff argues this dispute does not fall within the scope of the arbitration clause: "Whereas the attached demand for arbitration asserts but one claim, a claim for a telecommunications service contract, the neutral erred in addressing claims not properly before the arbitrator." ECF No. 1 at 4. Plaintiff does not, however, specify *which provisions* the arbitrator improperly considered. *Id.*

Furthermore, upon review of the arbitration clause, it provides Plaintiff may either seek binding arbitration or proceed through small-claims court: "if we cannot resolve a Claim informally, any Claim either of us asserts will be resolved only by binding arbitration. . . . You may also assert an individual action in small claims court in lieu of arbitration." ECF No. 1-1.

Based upon the record in this case, Plaintiff has already elected *both* remedies. Plaintiff first sought review in small-claims court, which in Arkansas is the Arkansas District Court. Notably, on February 4, 2016, Plaintiff filed an action in Arkansas District Court for Garland County. ECF No. 9-1. After a trial on July 8, 2016, Plaintiff's case was dismissed with prejudice because he failed to meet his burden of establishing a *prima facie* breach of contract. ECF No. 9-4. His case was dismissed by a judgment dated July 18, 2016. *Id.*

After having his case dismissed in Arkansas District Court, Plaintiff then proceeded through arbitration. On May 15, 2017, Plaintiff filed his demand for arbitration. ECF No. 1-2 at 4. Thereafter, on January 10, 2018, the arbitrator entered a judgment against Plaintiff, finding his claims were barred by *res judicata* and collateral estoppel due to the Arkansas District Court's Judgment against him. *Id.*

Now, Plaintiff attempts to take a third bite at the apple and proceed through Federal Court. Plaintiff has already pursued every remedy available to him, and the Court finds no basis for vacating the Arbitration Award. As noted above, Plaintiff has offered no basis for a finding that the issues determined were outside the scope of arbitration or the arbitration clause. Furthermore, Plaintiff has already litigated this issue not once but *twice* and has even been sanctioned for his conduct. Accordingly, the Court finds Separate Defendant's Motion to Confirm Arbitration Award (ECF No. 8) should be **GRANTED.**

4. **Conclusion:**

For the reasons discussed above, the Court finds Separate Defendant's Motion to Confirm Arbitration Award (ECF No. 8) should be **GRANTED**, and Plaintiff's Complaint be dismissed with prejudice.[1]

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 15th day of May 2018.**

/s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE

---

[1] Consistent with that finding, the Court recommends all other pending motions referred to this Court (ECF Nos. 10, 20, and 31) also be dismissed.