IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PAUL F. MILLER                                                                                                PLAINTIFF

v.                                        Case No. 6:18-cv-6008

AT&T d/b/a SOUTHWESTERN
BELL TELEPHONE COMPANY;
AT&T d/b/a/ DIRECTV, LLC; JAMS;
and RANDALLS                                                                                              DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed on May 15, 2018, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 32). Judge Bryant recommends that the Court grant Separate Defendants Southwestern Bell Telephone Company; DirecTV, LLC; and Randall Stephensons' (the "Telecommunications Defendants") Motion to Confirm Arbitration Award (ECF No. 8) and dismiss this case with prejudice. Plaintiff Paul F. Miller filed objections. (ECF No. 33). Plaintiff also filed a supplement to his objections. (ECF No. 34). The Telecommunications Defendants filed a response to Plaintiff's objections and supplement. (ECF No. 37). The Court finds the matter ripe for consideration.

### I. BACKGROUND

On February 4, 2016, Plaintiff filed suit in the District Court of Garland County, Arkansas, alleging various claims against multiple defendants. Plaintiff alleged that on May 31, 2015, he saw an advertisement in the *Hot Springs Sentinel-Record* for bundled DirecTV television and AT&T Internet and telephone services, known as the "Ultimate Bundle," for a discounted monthly rate of $54.94. The advertisement stated that the "Ultimate Bundle" was available to new,

approved customers only. Plaintiff alleged that he accepted the offered "Ultimate Bundle," but when he paid the advertised rate of $54.94 per month, the defendants eventually terminated his service. Prior to trial, the Garland County District Court dismissed all of Plaintiff's claims for lack of jurisdiction, except for a breach-of-contract claim. Plaintiff's breach-of-contract claim proceeded to trial, and the district court entered judgment as a matter of law against Plaintiff after finding that he failed to establish a *prima facie* case and failed to establish damages. Accordingly, the district court dismissed Plaintiff's case.

On July 21, 2016, Plaintiff sought a *de novo* appeal to the Circuit Court of Garland County, Arkansas. On October 12, 2016, the circuit court entered an order granting the defendants' motion to dismiss and dismissing Plaintiff's claims with prejudice. Plaintiff subsequently pursued an appeal to the Arkansas Court of Appeals and filed a mandamus petition with the Arkansas Supreme Court. The appeal and the mandamus petition were both dismissed.

On May 15, 2017, Plaintiff filed an arbitration demand with Separate Defendant JAMS ("JAMS"), the alternative dispute resolution service with which DirecTV's 2015 Residential Customer Agreement required arbitration of disputes. Plaintiff asserted claims related to "the purchase or lease of consumer telecommunication services," against various respondents, including the Telecommunications Defendants. JAMS appointed Karen B. Willcutts ("Willcutts"), an attorney and former judge, as the arbitrator. On January 10, 2018, Willcutts issued an order granting the respondents' motion for summary adjudication, finding in the respondents' favor. Specifically, Willcutts found that Plaintiff's claims were barred by the doctrines of *res judicata* and collateral estoppel, and even if they were not, the claims failed on the merits as a matter of law. Willcutts also sanctioned Plaintiff $250, the amount of his filing fee, finding that he behaved vexatiously during the arbitration and had asserted several frivolous claims

that could only have been brought for purposes of harassment.[1]

On January 12, 2018, Plaintiff filed this lawsuit against Defendants. Plaintiff asks the Court to vacate the arbitration award pursuant to 9 U.S.C. § 10(a). Specifically, Plaintiff argues that Willcutts' application of *res judicata* and collateral estoppel constituted plain error of law, and that JAMS' arbitration agreement provides that arbitrators have no authority to make errors of law. On March 16, 2018, the Telecommunications Defendants filed a Motion to Confirm Arbitration Award, arguing that Plaintiff has failed to demonstrate cause under 9 U.S.C. § 10 to warrant vacatur of the arbitral award, and that accordingly, the Court should confirm the award. (ECF No. 8). The Court referred this case to Judge Bryant to make a Report and Recommendation.

On May 15, 2018, Judge Bryant issued the instant Report and Recommendation, recommending that the Court grant the Telecommunications Defendants' Motion to Confirm Arbitration Award and dismiss Plaintiff's case with prejudice. Specifically, Judge Bryant found no basis for vacating the arbitral award because the arbitration clause is valid and the issues determined in the arbitration did not fall outside the scope of the arbitration clause. On May 29, 2018, Plaintiff timely filed objections to the Report and Recommendation. On June 6, 2018, Plaintiff filed a supplement to his objections. On June 12, 2018, the Telecommunications Defendants filed a response to Plaintiff's objections and supplement.[2] (ECF No. 37).

## II. DISCUSSION

Pursuant to 28 U.S.C. § 646(b)(1), the Court will conduct a *de novo* review of all issues related to Plaintiff's specific objections.

---

[1] Willcutts also found Plaintiff's status as an attorney, the escalating rhetoric in his filings, and the fact that he previously pursued similar groundless claims in Arkansas state court against individuals affiliated with AT&T and DirecTV to be aggravating factors further supporting sanctions.

[2] The Telecommunications Defendants' response, which they did not seek leave to file, addresses Plaintiff's objections to the Report and Recommendation and argues that the Court should adopt the Report and Recommendation *in toto* and dismiss this case.

Plaintiff argues in his objections that the Report and Recommendation erred in failing to recommend vacatur of the arbitral award on the basis that Willcutts was a partial arbitrator. Plaintiff also argues that the arbitration agreement materially limited Willcutts' power, as it provided that she could not make any error of law, which he contends she did by applying the doctrine of *res judicata* "to a decision from a court lacking jurisdiction,"[3] thereby rendering the arbitration award void. (ECF No. 33). Plaintiff also argues that the Report and Recommendation committed error in reciting contract law.

In his supplement, Plaintiff argues that the recent June 4, 2018, United States Supreme Court opinion in *Masterpiece Cakeshop, Ltd. v. Colorado Civil Rights Commission*, No. 16-111, is relevant to show Willcutts' partiality, as her behavior during the arbitration is analogous to the behavior of the Colorado Civil Rights Commission in *Masterpiece*, demonstrating that she was biased against the elderly. He also argues that the "JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses Minimum Standards of Procedural Fairness" was not followed. (ECF No. 34). Plaintiff also states that Willcutts' failure to address Plaintiff's specific issues is evidence of a breach of the neutrality owed to the parties.

The Court will now separately address all issues related to Plaintiff's specific objections.

**A. Vacatur of Arbitration Award**

The Court will first address Plaintiff's objection that the Report and Recommendation erred by failing to recommend vacatur of the arbitration award on the basis that Willcutts was a biased arbitrator.

A federal court's review of an arbitral award is extremely limited. *See Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001). An underlying arbitral award is

---

[3] Plaintiff later clarifies this statement by stating that Willcutts based the arbitral award on prior dismissals where the state forum stated it had no jurisdiction over the claim.

entitled to an "extraordinary level of deference." *Boise Cascade Corp. v. Paper Allied-Indus., Chem. & Energy Workers (PACE), Local 7-0159*, 309 F.3d 1075, 1080 (8th Cir. 2002). According to this narrow and deferential standard, a federal court may not set aside an arbitral award even if the court may "have interpreted the agreement differently or because the arbitrator erred in interpreting the law or in determining the facts." *Hoffman v. Cargill, Inc.*, 236 F.3d 458, 462 (8th Cir. 2001). So long as the arbitrator has even arguably construed the underlying contract and acted within her scope of authority, the award should be confirmed. *Boise Cascade Corp.*, 309 F.3d at 1080.

"However, an arbitrator's decision is not totally free from judicial review." *Id.* Federal courts may vacate an arbitral award pursuant to 9 U.S.C. § 10 in any of the following cases:

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, or in refusing to hear evidence material to the controversy, or of any other misbehavior; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made.

9 U.S.C. § 10(a) (footnote added); *Val-U Const. Co. of S. D. v. Rosebud Sioux Tribe*, 146 F.3d 573, 578-79 (8th Cir. 1998). Federal courts may not vacate an arbitral award pursuant to 9 U.S.C. § 10 for any other unenumerated reason. *See Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 586-87 (2008); *Med. Shoppe Int'l, Inc. v. Turner Investments, Inc.*, 614 F.3d 485, 489 (8th Cir. 2010).

Plaintiff states in his objections that Willcutts was biased and displayed evident partiality during the arbitration. Although Plaintiff does not elaborate on this statement in his objections, he states in his response to the Separate Defendants' Motion to Confirm Arbitration Award that Willcutts deliberately procrastinated and refused to provide a quick and inexpensive arbitration, thereby demonstrating her partiality. Plaintiff argues further that Willcutts was biased against the

5

elderly. Plaintiff also argues that Willcutts' failure to conduct a one-day hearing before ruling on the respondents' motion for summary adjudication constituted blatant prejudice.

A party seeking to vacate an arbitral award because of a partial neutral faces "a high burden of demonstrating objective facts inconsistent with impartiality." *Brown v. Brown-Thill*, 762 F.3d 814, 820 (8th Cir. 2014). "Typically, courts find partiality in cases where the arbitrator has a preexisting relationship with one of the parties to the dispute." *Free Country Design & Const., Inc. v. Proformance Grp., Inc.*, No. 09-06129-CV-SJ-DGK, 2011 WL 6032928, at *2 (W.D. Mo. Dec. 5, 2011) (citing *Commonwealth Coatings Corp. v. Cont'l Cas. Co.*, 393 U.S. 145 (1968)). Courts must "accord even greater deference to the arbitrator's decisions on procedural matters than those bearing on substantive grounds." *Stroh Container Co. v. Delphi Indus., Inc.*, 783 F.2d 743, 749 (8th Cir. 1986). However, vacatur is proper if the movant can demonstrate that the arbitrator took action that "so affect[ed] the rights of a party that it may be said that he was deprived of a fair hearing." *Grahams Serv. Inc. v. Teamsters Local 975*, 700 F.2d 420, 422-23 (8th Cir. 1982); *see also El Dorado Sch. Dist. No. 15 v. Cont'l Cas. Co.*, 247 F.3d 843, 848 (8th Cir. 2001) (stating that "each party must be given the opportunity to present its arguments and evidence").

Upon consideration, the Court finds that Plaintiff has failed to overcome the "high burden" of demonstrating partiality. Plaintiff offers no evidence that Willcutts had a preexisting relationship with the arbitration respondents or that she is biased against the elderly. Instead, he argues that Willcutts failed to provide a quick and inexpensive arbitration and failed to grant him a hearing before granting the respondents' motion for summary adjudication. On August 22, 2017, Willcutts held a preliminary scheduling conference with all parties to the arbitration to establish a briefing schedule and, based on the discussion with the parties, entered a scheduling order allowing for dispositive motions. On September 14, 2017, Willcutts temporarily suspended the briefing

6

schedule to allow Plaintiff the opportunity to file a motion discussing jurisdictional issues he wished to raise.[4] After resolving the jurisdictional issues, the parties completed dispositive briefing on December 11, 2017, and Willcutts issued the arbitration award on January 10, 2018. Considering the plethora of documents filed by Plaintiff throughout the arbitration and his desire to amend the briefing schedule to allow for separate briefing on jurisdictional issues, the Court cannot find that the length of the arbitration demonstrates Willcutts' partiality.

Although Willcutts admonished Plaintiff over his filing habits on several occasions, instructing him to only file documents relating to motions or in response to motions, there is no indication that Plaintiff was deprived of the opportunity to fully brief and present his case. Willcutts established a dispositive-motion briefing schedule based on discussions with the parties and amended the schedule to allow Plaintiff to raise jurisdictional issues. It appears that Plaintiff received an opportunity to file whatever documents he wished and to brief all issues, so long as he did so in accordance with the scheduling order. It also appears that Willcutts considered all documents filed by Plaintiff, including unauthorized ones.[5] Plaintiff makes no attempt to explain how a one-day hearing would have substantially benefited his ability to present his case or otherwise would have materially affected Willcutts' decision. Accordingly, the Court finds that Plaintiff's reliance on *Masterpiece Cakeshop, Ltd. v. Colorado Civil Rights Commission*, No. 16-111, is misplaced. Plaintiff has failed to establish sufficient cause to warrant vacatur of the arbitral award pursuant to 9 U.S.C. § 10(a) on the grounds of partiality.[6]

---

[4] The parties fully briefed the jurisdictional issues and on October 31, 2017, Willcutts found that the tribunal had jurisdiction over the parties and claims submitted by Plaintiff, and that JAMS was the proper forum for the arbitration pursuant to the 2015 DirecTV Residential Customer Agreement that Plaintiff relied on when submitting his arbitration demand.

[5] For instance, the arbitral award references Plaintiff's unauthorized "Notice of 2nd Modification of Claim" when discussing his statement of claims. (ECF No. 1-2, p. 4).

[6] In response to the Motion to Confirm Arbitration Award, Plaintiff made other arguments for vacatur of the arbitral

**B. Application of *Res Judicata***

Plaintiff argues that the Report and Recommendation erred by failing to recommend vacatur on the basis that Willcutts exceeded the scope of her arbitral authority when she found that the doctrine of *res judicata* barred Plaintiff's claims in the arbitration.[7] Plaintiff argues that this was an error of law because *res judicata* cannot be applied using a decision from a court lacking jurisdiction.

Although Willcutts found in the arbitral award that Plaintiff's claims were barred by the doctrines of *res judicata* and judicial estoppel, she also conducted a lengthy, alternative analysis of Plaintiff's claims, finding that they all failed on the merits as a matter of law if *res judicata* and judicial estoppel did not apply. Assuming *arguendo* for the sake of this Order that Willcutts erroneously applied the doctrine of *res judicata*, the error was harmless because she also found that Plaintiff's claims alternatively failed on the merits. Plaintiff makes no mention of Willcutts' alternative merits-based determinations, and the Court would not disturb them in any event. *See Boise Cascade Corp.*, 309 F.3d at 1080 (stating that "federal courts are not authorized to reconsider the merits of an arbitral award"). Accordingly, the Court finds no reason to depart from the Report and Recommendation on this basis.

---

award under 9 U.S.C. § 10, including that Willcutts committed misconduct and that the award was obtained through fraud and undue means. Plaintiff did not raise these arguments in his objections to the Report and Recommendation, and thus, the Court considers them waived. Assuming *arguendo* that they were not waived, the Court would find that these arguments fail to demonstrate sufficient grounds for vacatur. Plaintiff provides no evidence or substantial argument in support of these claims, instead making only speculative and conclusive statements. The Court finds this unpersuasive, considering the "extraordinary level of deference" given to arbitral awards. *Boise Cascade Corp*, 309 F.3d at 1080.

[7] Plaintiff also appears to argue that Willcutts improperly decided claims that were outside of her scope of authority. 9 U.S.C. § 11(b) allows courts to modify or correct an arbitral award when the arbitrator decided "a matter not submitted to them." However, Plaintiff does not ask the Court to act under 9 U.S.C. § 11. Instead, he invokes only 9 U.S.C. § 10. Therefore, the Court will not consider this argument because it falls outside of and requests relief not available under 9 U.S.C. § 10. *See Med. Shoppe Int'l*, 614 F.3d at 489 (instructing that courts may only vacate an arbitral award under 9 U.S.C. § 10 for the reasons enumerated in section 10).

**C. Recital of Contract Law**

Plaintiff asserts that the Report and Recommendation erred by reciting contract law. At one point in the Report and Recommendation, Judge Bryant stated that the parties do not dispute that a valid arbitration agreement existed, and that Plaintiff failed to demonstrate that the issues determined during the arbitration fell outside the scope of that arbitration agreement. In doing so, Judge Bryant cited caselaw regarding the essential elements of a contract or arbitration agreement.[8] Although this discussion may not have ultimately been necessary, the Report and Recommendation nonetheless reached the correct outcome, for the reasons discussed above. Accordingly, the Court finds no reason to depart from the Report and Recommendation on the basis that it cited contract law regarding the validity of an arbitration agreement.

**D. Supplemental Arguments**

In his supplement, Plaintiff asserts additional arguments for vacatur of the arbitral award. Plaintiff states that Willcutts did not follow the "JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses Minimum Standards of Procedural Fairness." (ECF No. 34). However, Plaintiff does not specify what portion of this policy Willcutts failed to follow. Similarly, Plaintiff argues that Willcutts failed to address Plaintiff's specific issues, thereby breaching the duty of neutrality owed to the arbitration parties, but again, he does not specify what issues she failed to address. Plaintiff also asserts that an audio recording of an August 18, 2017, arbitration hearing order demonstrates Willcutts' hostility toward him when compared to her September 14, 2017, scheduling order.[9] Plaintiff does not state what in the audio recording demonstrates Willcutts'

---

[8] The Report and Recommendation contains no other citations or discussion related to contract law.

[9] On June 6, 2018, Plaintiff filed a motion for leave to conventionally file the audio recording, stating that the Court's CM/ECF electronic filing system does not allow the electronic filing of evidence in a digital format. (ECF No. 35). The next day, Plaintiff mailed a thumb drive containing the audio recording to the Clerk of Court's office in Fort Smith, Arkansas. Although the Court has not granted Plaintiff leave to submit this evidence, the Court nonetheless reviewed the audio recording. In the recording, Willcutts and the parties to the arbitration can be heard discussing

hostility toward him, and upon review of the recording, the Court finds nothing in the recording that justifies vacatur of the arbitral award. Remaining mindful of the "extraordinary level of deference" given to arbitral awards, *Boise Cascade Corp*, 309 F.3d at 1080, the Court finds that Plaintiff's conclusory supplemental arguments are insufficient to cause the Court to depart from the Report and Recommendation.

## IV. CONCLUSION

Upon *de novo* review of the Report and Recommendation, and for the reasons discussed above, the Court finds that Plaintiff's objections offer neither law nor fact which would cause the Court to deviate from the result suggested by Judge Bryant's Report and Recommendation. Accordingly, the Court hereby overrules Plaintiff's objections and adopts the Report and Recommendation (ECF No. 32) to the extent that it recommends that the Court grant Separate Defendants Southwestern Bell Telephone Company; DirecTV, LLC; and Randall Stephensons' Motion to Confirm Arbitration Award and dismiss this case with prejudice. The Motion to Confirm Arbitration Award (ECF No. 8) is hereby **GRANTED**. Plaintiff's case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 18th day of June, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

Plaintiff's claims, the jurisdictional issue Plaintiff wished to assert, and conclude by agreeing upon a briefing schedule that Willcutts intended to finalize in a written order.